UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Roberto Cruz
and other similarly
situated individuals,

    Plaintiff(s),

v.

MFT Trucking LLC,
and Roberto J. Meloni

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Roberto Cruz, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants MFT Trucking LLC, and Roberto J. Meloni, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Roberto Cruz is a resident of Orange County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant MFT Trucking LLC (from now on MFT Trucking, or corporate Defendant) is a Foreign Corporation registered to do business in Florida and has a place of business in Orange County. Defendant MFT Trucking was and is engaged in interstate commerce in the meaning of the Fair Labor Standards Act.

4. The individual Defendant Roberto J. Meloni was and is now the owner/partner of MFT Trucking. Defendant Roberto J. Meloni was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and he is jointly liable for Plaintiff's damages.

5. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Roberto Cruz as a collective action to recover from Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former

employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2019, (the "material time") without being adequately compensated.

7. Defendant MFT Trucking is a cargo and freight moving Company located at 1337 Ivy Meadow Drive, Orlando, Florida 32824. Defendant provided logistic services to Ikea Stores, located at 4092 Eastgate Dr, Orlando, Florida 32839, where Plaintiff worked.

8. Defendants MFT Trucking and Roberto J. Meloni employed Plaintiff Roberto Cruz as a non-exempted, full-time employee from approximately December 15, 2017, to December 23, 2021, or more than 4 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 152 weeks.

9. Plaintiff is not in possession of time and payment records, but he estimates that within the relevant period of employment, in 2019 and 2020, Plaintiff was paid a daily rate of $130.00, and in 2021, he was paid 150.00 daily.

10. Plaintiff worked at Ikea Stores as a warehouse employee, mover, and driver. Plaintiff's duties included pulling orders, counting pieces, organizing merchandise, taking care of fragile items, palletizing, shrink wrapping, loading, and delivering the items to Ikea Store's customers. Plaintiff also returned merchandise to Ikea Store and disposed of the garbage. To perform his delivery duties, Plaintiff used rented vehicles.

11. Plaintiff never performed activities affecting the safety of the operation of motor vehicles. Plaintiff never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any pallet, container, or loose cargo. Plaintiff never performed activities affecting the safety of motor vehicles operations.

12. Plaintiff worked under the supervision of Ikea Stores' management and Roberto J. Meloni, the owner, and manager of MFT Trucking,

13. While employed by Defendants, Plaintiff had a regular schedule. Every month Plaintiff worked an average of 2 weeks of 5 days and 2 weeks of 6 days of work.

14. When Plaintiff worked five days per week, he worked from Monday to Friday from 5:30 AM to 6:30 PM (13 hours daily) a total of 65 hours weekly); and when he worked six days per week, he also worked on Saturdays from 5:30 AM to 4:00 PM (10.5 hours) or a total of 75.5 hours.

15. Plaintiff was unable to take bonafide lunch breaks.

16. Plaintiff was paid weekly a daily rate. Plaintiff always worked more than 40 hours, but he did not receive compensation for overtime hours.

17. Plaintiff clocked in and out through a telephone application. In addition, Plaintiff worked with the business owner, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiff was paid weekly in cash without any paystub or record providing information about the number of days and hours worked, wage rate, employment tax withholdings, etc.

20. On or about December 23, 2021, after Plaintiff refused to work on Sundays due to family matters, he was informed by Roberto J. Meloni that there was no more work for him.

21. Plaintiff ROBERTO CRUZ seeks to recover unpaid half-time overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

24. This action is intended to include every warehouse, moving, driver, and storage employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

25. Plaintiff Roberto Cruz re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff Roberto Cruz and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

27. The Employer, Defendant MFT Trucking, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a cargo and freight moving company with more than two employees recurrently engaged in commerce or the production of

goods for commerce. Defendant also had more than two employees that, during the operation of the moving and storage company, regularly and recurrently sold, handled, and worked on goods and materials that were moved previously or would be moving through interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

28. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

29. Defendants MFT Trucking and Roberto J. Meloni employed Plaintiff Roberto Cruz as a non-exempted, full-time employee from approximately December 15, 2017, to December 23, 2021, or more than 4 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 152 weeks.

30. Within the relevant period of employment, in 2019 and 2020, Plaintiff was paid a daily rate of $130.00, and in 2021, he was paid 150.00 daily.

31. Plaintiff worked as a warehouse employee, mover, and driver.

32. Plaintiff never performed activities affecting the safety of the operation of motor vehicles. Plaintiff never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any pallet, container, or loose cargo. Plaintiff never performed activities affecting the safety of motor vehicles operations.

33. Plaintiff worked under the supervision of Ikea Stores' management and Roberto J. Meloni, the owner and manager of MFT Trucking.

34. While employed by Defendants, Plaintiff had a regular schedule. Every month Plaintiff worked an average of 2 weeks of 5 days and 2 weeks of 6 days of work.

35. When Plaintiff worked five days per week, he completed 65 working hours; and when he worked six days per week, he completed 75.5 working hours. Plaintiff was unable to take bonafide lunch breaks.

36. Plaintiff was paid weekly a daily rate. Plaintiff always worked more than 40 hours, but he did not receive compensation for overtime hours.

37. Plaintiff clocked in and out through a telephone application. In addition, Plaintiff worked with the business owner, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

38. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked

over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

39. Plaintiff was paid weekly in cash without any paystub or record providing information about the number of days and hours worked, wage rate, employment tax withholdings, etc.

40. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

41. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

43. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Twenty-Four Thousand Seven Hundred Seventeen Dollars and 87/100 ($24,717.87)

b. <u>Calculation of such wages</u>:

Total period of employment: more than 4 years
Relevant weeks of employment: 152 weeks

1.- **Unpaid half-time for 2019-2020=101 weeks**
    (From 01/26/2019 to 12/31/2020)
Total Relevant weeks: 101 weeks
Wage rate: $130.00 daily

   i.   Half-time for 50 weeks with 5 days of work
Total hours worked: 65 hours weekly
Total unpaid O/T hours: 25 overtime hours
Wage rate: $130.00 daily x 5 days=$650.00 weekly
$650.00 weekly: 65 hours=$10.00 regular rate
Regular rate $10.00 x 1.5=$15.00 O/T rate-$10.00 rate paid=$5.00
Half-time= $5.00

$5.00 x 25 O/T hours=$125.00 weekly x 50 weeks=$6,250.00

   ii.   Half-time for 51 weeks with 6 days of work
Total hours worked: 75.5 hours weekly
Total unpaid O/T hours: 35.5 overtime hours
Wage rate: $130.00 daily x 6 days=$780.00 weekly
$780.00 weekly: 75.5 hours=$10.34 regular rate
Regular rate $10.34 x 1.5=$15.51 O/T rate-$10.34 rate paid=$5.17
Half-time= $5.17

$5.17 x 35.5 O/T hours=$183.54 weekly x 51 weeks=$9,360.54

2.- **Unpaid half-time for 2021=51 weeks**
    (From 01/01/2021 to 12/23/2021)
Total Relevant weeks: 51 weeks
Wage rate: $150.00 daily

    i.    Half-time for 25 weeks with 5 days of work
Total hours worked: 65 hours weekly
Total unpaid O/T hours: 25 overtime hours
Wage rate: $150.00 daily x 5 days=$750.00 weekly
$750.00 weekly: 65 hours=$11.54 regular rate
Regular rate $11.54 x 1.5=$17.31 O/T rate-$11.54 rate paid=$5.77
Half-time= $5.77

$5.77 x 25 O/T hours=$144.25 weekly x 25 weeks=$3,606.25

    ii.    Half-time for 26 weeks with 6 days of work
Total hours worked: 75.5 hours weekly
Total unpaid O/T hours: 35.5 overtime hours
Wage rate: $150.00 daily x 6 days=$900.00 weekly
$900.00 weekly: 75.5 hours=$11.92 regular rate
Regular rate $11.92 x 1.5=$17.88 O/T rate-$11.92 rate paid=$5.96
Half-time= $5.96

$5.96 x 35.5 O/T hours=$211.58 weekly x 26 weeks=$5,501.08

Total # 1 and #2: $24,717.87

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.

44. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to pay him at the rate of time properly and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

46. At times mentioned, individual Defendant Roberto J. Meloni was the owner/partner and operated MFT Trucking. Defendant Roberto J. Meloni was the employer of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of MFT Trucking concerning its employees, including Plaintiff and others similarly situated. Accordingly, defendant Roberto J. Meloni had absolute financial and operational control of MFT Trucking, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

47. Defendants MFT Trucking and Roberto J. Meloni willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing

Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Roberto Cruz and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Roberto Cruz and other similarly situated individuals and against the Defendants MFT Trucking and Roberto J. Meloni, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Roberto Cruz actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Roberto Cruz demands trial by a jury of all issues triable as of right by a jury.

Dated: March 7, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:     (305) 446-1500
Facsimile:     (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*